UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JODA, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV1897SNLJ |
| | ) | |
| KITOV RESOURCES, LTD. and | ) | |
| RODERICK SALFINGER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff has filed this diversity contract action alleging defendants' breach of an aircraft lease and guaranty (in support of subject lease). This matter is before the Court on the defendants' motion to dismiss for lack of jurisdiction [7], filed February 26, 2010 and amended motion to dismiss for lack of jurisdiction [8], filed March 1, 2010. Responsive pleadings were filed only with respect to the amended motion to dismiss. Thus, the Court presumes that the amended motion supercedes the original motion to dismiss, and will deny same as moot.

In their amended motion, defendants argue that they cannot be subject to personal jurisdiction in this Court because of a lack of sufficient minimum contacts with the State of Missouri to satisfy either Missouri's long-arm statute or due process.[1] The plaintiff contends that defendants' argument regarding satisfaction with Missouri's long-arm statute or due process is

---

[1] Nowhere in the original motion nor the amended motion do the defendants state the federal procedural grounds for seeking dismissal. Since the defendants continually state that the complaint should be dismissed for lack of personal jurisdiction, the Court assumes that the amended motion is asserting dismissal pursuant to Rule 12(b)(2) Federal Rule of Civil Procedure. In the future, counsel shall clearly state the jurisdictional basis for dispositive motions; otherwise, such motions are subject to automatic dismissal. Furthermore, memorandum of law in support of motions shall be filed as a separate document. *See*, Local Rule 4.01.

irrelevant because both the subject lease and guaranty have a forum selection clause designating either the Circuit Court of St. Louis County or this Court as the venue for disputes arising under these documents. Plaintiff contends that the forum selection clauses are enforceable and that the defendants have not carry their burden of demonstrating otherwise. Defendants appear to concede the existence of the forum selection clauses and argue that enforcing them would be "unreasonable" due to the "hardships" of having foreign defendants litigate in Missouri.[2] Plaintiff contends that there is no hardship for defendants in litigating in Missouri because defendants are already litigating similar disputes before courts in British Columbia and Las Vegas, Nevada; and defendant Salfinger attests that he travels on business frequently between Australia and Vancouver (and presumably, to Las Vegas).

There is no dispute as to the existence of the forum selection clauses in the subject lease and guaranty, no dispute as to its language placing venue in this Court, or that the parties freely entered into the forum selection clauses.[3] The issue is only whether the clauses are enforceable.

The Eighth Circuit Court of Appeals has indicated its general affirmation that federal law controls whether a forum selection clause applies in a diversity contract case; however, has not definitively so held, so it appears to still be an open question. Servewell Plumbing, L.L.C. v.

---

[2]There appears to be some confusion as to the actual residency of defendant Salfinger. He attests to be a former citizen of Vancouver, British Columbia and now a citizen of Perth, Australia. Salfinger Affidavit, [10], filed March 5, 2010. However, the address listed in the affidavit in Australia is the address for his legal counsel; the Australian law firm of Holden Barlow. See, Document 14, Exhibit 1. The fact remains he is not a resident of Missouri or of the United States.

[3]Both federal law and Missouri law recognize that personal jurisdiction may be obtained by consent or waiver via contract; thereby, foregoing the necessity of showing minimum contacts or compliance with due process. See, St. Paul Fire & Marine Ins. Co. v. Courtney Enters., 270 F.3d. 621, 624 (8th Cir. 2001); Dominium Austin Partners, L.L.C. v. Emerson, 248 F.3d 720, 726 (8th Cir. 2001); Whelan Sec. Co. v. Allen, 26 S.W.3d 592, 595 (Mo.App. 2000).

Federal Ins., 439 F.3d. 786, 789 (8th Cir. 2006); Rainforest Café, Inc. v. EklecCo., 340 F.3d. 544, 546 (8th Cir. 2003)(*citing* Stewart Org. v. Ricoh Corp., 487 U.S. 22, 31-32 (1988)); *see also*, Fru-Con Construction Corp. v. Controlled Air, Inc., 575 F.3d. 527, 540 (8th Cir. 2009). However, where the application of state law or federal law would not affect the outcome, a federal court may apply the federal standard as first articulated in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972). Servewell, at 789.

The parties argue both Missouri law and federal law in their pleadings and do not argue that application of state law would result in a materially different outcome. Since Missouri has adopted the federal standard for determining whether to enforce a forum selection clause; *see,* High Life Sales Co. v. Brown-Forman Corp., 823 S.W.2d. 493, 497 (Mo. 1992), Chase Third Century Leasing Co. v. Williams, 782 S.W.2d. 408, 411 (Mo.App. 1989), the Court will examine the issue of enforceability of the subject forum selection clauses under federal law. *See*, Rainforest Café, at 546.

Under the Bremen standard, "[f]orum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." M.B.Restaurants v. CKE Restaurants, 183 F.3d. 750, 752 (8th Cir. 1999)(*citing* M/S Bremen, 407 U.S. at 15); Servewell, at 789. Where a contract, including the forum selection clause, is the result of an "arms length negotiation", "the party challenging the clause bears and especially `heavy burden of proof' to avoid its bargain." Servewell, at 789 *citing* Bremen, 407 U.S. at 17. "Only `some compelling and countervailing reason' will excuse enforcement of a bargained-for forum selection clause." Servewell, at 789 *citing* Bremen, 407 U.S.12; *accord* Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-94 (1991).

Defendants do not contend that the forum selection clauses were the product of fraud or coercion, or are contrary to the public policy of either Missouri (or any other venue), or invalid for any legal reason. Their only argument is that the clauses are "overreaching" in requiring them to litigate in Missouri due to the "hardship" associated with the costs and time expended in traveling back and forth to Missouri from (presumably) Australia. Mere inconvenience to a party in an insufficient basis to defeat an otherwise enforceable forum selection clause. M/S Bremen, 407 U.S. at 17-18; Servewell, at 790; M.B. Restaurants, at 753. Since it is presumed that the parties contemplated such inconvenience when entering into the contract, the party challenging the forum selection clause must "show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain." M/S Bremen, 407 U.S. at 18; Servewell, at 790 *citing* M/S Bremen, *supra.*; Dominium Austin Partners, at 727.

All defendant Salfinger has attested to is that "[I]t would be an undue hardship for me to travel back and forth to the State of Missouri in order to litigate this matter." Salfinger Affidavit [10], ¶12. This hardly reaches the standard of demonstrating to the Court that to litigate this matter here would "be so gravely difficult and inconvenient" as to deprive defendants their day in court. Furthermore, even assuming that defendant Salfinger presently resides in Australia[4], he is currently litigating similar matters in British Columbia and Las Vegas, Nevada. *See*, Salfinger Affidavit [10], ¶¶13, 14. Therefore, any "hardship" in traveling to St. Louis is certainly not any greater than traveling to British Columbia and/or Las Vegas, Nevada. Defendants have proffered

---

[4]The Court makes this presumption for purposes of addressing the amended motion to dismiss only. The Court recognizes that the actual residency of defendant Salfinger is in dispute.

no evidentiary basis that any inconvenience in traveling to Missouri would make it unfair, unjust, or unreasonable to hold the defendants to their agreement to litigate in Missouri. The subject forum selection clauses are presumed to be valid under the <u>Bremen</u> standard and the defendants' arguments of inconvenience are insufficient to overcome this presumption of validity.

The Court finds that the defendants have failed to show any compelling reason why this Court should not give effect to the subject forum selection clauses. They have not shown that the clauses are unreasonable under the circumstances of this case.

Accordingly,

**IT IS HEREBY ORDERED** that the defendants' motion to dismiss [7] be and is **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the defendants' amended motion to dismiss [8] be and is **DENIED.**

Dated this   23rd   day of June, 2010.

_____
UNITED STATES DISTRICT JUDGE